IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DAVID W. TRAMMELL,

      Petitioner,

v.                                              Case No. 5:14-CV-3232-JTM

SAM CLINE, ET AL.,

      Respondents.

## MEMORANDUM AND ORDER

This matter comes before the court on petitioner David W. Trammell's motion for reconsideration (Dkt. 28) of this court's denial of his habeas petition.

### I.      Standard for Motion to Reconsider

The Federal Rules of Civil Procedure do not specifically provide for a motion for reconsideration. *Beauclair v. Goddard*, 2013 U.S. Dist. LEXIS 34334, at *1 (D. Kan. Mar. 13, 2013) (citing *Hatfield v. Bd. of Cty. Comm'rs for Converse Cty.*, 52 F.3d 858, 861 (10th Cir. 1995)). The court considers a motion to reconsider as either a motion to alter or amend filed pursuant to Rule 59(e) or a motion for relief from judgment filed pursuant to Rule 60(b), depending on its filing date. Because petitioner filed this motion within 28 days from the entry of judgment, the court treats it as filed pursuant to Rule 59(e). Petitioner must therefore show: (1) an intervening change in the controlling law, (2) new evidence that could not have been produced previously by due diligence, or (3) the need to correct clear error or prevent manifest injustice. *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Although not

specifically mentioned in the motion, it appears petitioner asserts only the need to correct clear error or prevent manifest injustice as justification for his motion.

## II.     Discussion

Petitioner asserts a number of challenges to the court's September 15, 2015, Memorandum and Order denying his petition for habeas corpus, filed pursuant to 28 U.S.C. § 2254.  Much as was the case as with his original filing, the errors asserted in petitioner's current motion can be summarized into three basic categories:  (1) failure to suppress illegally seized evidence, a violation of the Fourth Amendment; (2) failure to issue petitioner his *Miranda* warning; and (3) failure to preserve alleged exculpatory evidence, in violation of petitioner's due process rights.

### A.     Suppression of Evidence

With regard to the failure to suppress evidence that was allegedly seized in violation of the Fourth Amendment, petitioner asserts the following assignments of error:

1. Susan Smith, the author of the crime bulletin emails, did not possess a reasonable suspicion that petitioner had committed any crime

2. Petitioner clearly showed that the state courts' factual findings were erroneous because testimony established that investigators did not obtain any new information at the scene of the stop regarding the Aaron Rents or Nerds to Go burglary cases

3. The Leawood, Kansas police officers did not have subject matter jurisdiction over an offense that occurred wholly within the State of Missouri

4. The lengthening of the detention for the Field Interview Contact ("FIC")

5. The state court judge made statements that suggested that petitioner would have been released long before the drug investigation was initiated

6. There were second and third pat-down searches that were conducted without probable cause

7. The drug investigation was outside the scope of the continued detention

8. Petitioner was unlawfully transported from the scene of the traffic stop, and his vehicle unlawfully towed, for possession of a manicure tool

9. Petitioner was illegally held at the Leawood, Kansas police station before he was finally arrested for a "trumped up" parole violation

10. Petitioner's clothing was seized without a warrant

11. The search warrant affidavit for petitioner's 1992 Dodge Caravan was fundamentally defective because officers only gave a vague and non-specific description of the items they expected to find.

Dkt. 28, at 1-6.

Petitioner included each of these arguments *somewhere* in his original petition.[1]  As such, he has already been heard on these challenges.  A Rule 59(e) motion cannot "be used to rehash previously rejected arguments or to offer new legal theories or facts that could have been offered previously."  *Beauclair*, 2013 U.S. Dist. LEXIS 34334, at *3 (citing *Achey v. Linn Cty. Bank*, 174 F.R.D. 489, 490 (D. Kan. 1997)); *see also May v. Kan.*, 2014 U.S. Dist. LEXIS 177122, at *2-3 (D. Kan. Dec. 18, 2013) (finding that a Rule 59(e) motion "is not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed."). Petitioner fails to allege that this court erred in its analysis of these assignments of error.

**B.  Petitioner's Statements**

The same is true of petitioner's current allegations with regard to his own statements. Petitioner alleges, just as he did in his original petition and traverse, that: (1) the questioning that took place during the FIC and the interrogation at the Leawood Police Station was without the benefit of a *Miranda* warning.  Dkt. 28, at 4.  The court, in its September 15th Memorandum and Order, went into extensive detail as to why petitioner failed to demonstrate any violation and does not see the need to repeat itself here.  Furthermore, petitioner fails to allege that the court's

---

[1] The court recognizes petitioner's *pro se* status and understands that these arguments may not have always been made under the corresponding error heading.  Because of petitioner's *pro se* status, the court viewed his petition and traverse in their entirety, as it does with the current motion.

analysis was anything but correct.  Rather, he simply reiterates the assignments of error asserted in his original petition and traverse.

**C.      Due Process Violation**

In his due process challenges, petitioner alleges: (1) the evidence allegedly found *inside* the 1992 Dodge Caravan, namely the scraps of copper, were not preserved or introduced into evidence, thereby denying petitioner the right to "cross-examine that evidence;" and (2) police failed to preserve the 1992 Dodge Caravan itself when the vehicle was released from impound without authorization, thereby allegedly denying petitioner the right to present exculpatory evidence.  Dkt. 28, at 3, 5.

In his initial petition and traverse, petitioner *only* contested the release of the van itself, *not* the destruction of the scraps of copper allegedly found inside the van.  As noted above, a Rule 59(e) motion cannot "be used to rehash previously rejected arguments *or to offer new legal theories or facts that could have been offered previously*."  *Beauclair*, 2013 U.S. Dist. LEXIS 34334, at *3 (citing *Achey*, 174 F.R.D. at 490) (emphasis added).  This asserted argument could have been raised earlier and therefore cannot now be considered by the court.

With regard to the release of the van itself, the court previously analyzed in detail the substance of this claim and found no issue with the Kansas Court of Appeals' reasoning.  No error in that analysis has been shown.

**D.      Petitioner's Innocence**

Finally, for the first time, petitioner asserts that he has "always" proclaimed his innocence in this case.  For reasons similar to those stated above, the court cannot analyze claims presented for the first time in a Rule 59(e) motion when petitioner had ample opportunity to raise such claims earlier.

The court therefore finds that petitioner has not shown the need to correct clear error or prevent manifest injustice.

**IT IS THEREFORE ORDERED**, this 6th day of October, 2015, that petitioner's Motion for Reconsideration (Dkt. 28) is hereby denied and that a certificate of appealability is denied.

s/J. Thomas Marten
J. THOMAS MARTEN, JUDGE